## GULF, C. & S. F. RY. CO. v. ENLOE.
### (No. 3546.)

Court of Civil Appeals of Texas. Texarkana.
April 12, 1928.

Rehearing Denied April 26, 1928.

1. **Landlord and tenant** ⬩256—Landlord retaining landlord's lien on mules held entitled to recover damages against railroad for killing of mules, though railroad had previously paid tenants.

Landlord selling mules to tenants and retaining landlord's lien thereon was entitled to recover damages against railroad for killing of mules at public crossing, notwithstanding payment therefor had previously been made to tenants who had failed to apply amount paid on indebtedness.

2. **Landlord and tenant** ⬩254(2)—Landlord's taking additional security for debt did not, as matter of law, operate as waiver of landlord's lien.

Fact that landlord selling mules to tenant took additional security for debt did not, as matter of law, operate as waiver of landlord's lien conferred by statute.

Appeal from Collin County Court; A. M. Walford, Judge.

Suit by J. C. Enloe against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

L. C. Clifton, of McKinney, and Terry, Caven & Mills, W. D. Baggett, and Marshall Butz, all of Galveston, for appellant.

John Doyle, of McKinney, for appellee.

HODGES, J. This suit was filed by the appellee in the county court to recover damages for the killing of two mules at a public crossing. A judgment was rendered against the appellant for $225. The facts show that in December, 1925, the appellee sold the mules to his tenants, J. L. and R. L. King, the purchase price to be paid in the fall of the following year. To secure that and other indebtedness the tenants executed a chattel mortgage on the mules and other property, and also gave personal security on the note given for the aggregate indebtedness. The mortgage was properly filed for registration in Hunt county, where the property was located and the tenants resided. In July, 1925, the mules were killed by one of appellant's trains, at a point where the track was crossed by a public road. Thereafter a claim for damages was presented by the tenants and paid by the appellant, without the knowledge or consent of the appellee. No part of the money so collected by the tenants was paid on the indebtedness for the mules, and that indebtedness is still unpaid.

[1, 2] The appellant denied liability to the appellee, on the ground that it had no actual notice of the lien on the mules and that the description given in the mortgage was too indefinite to furnish constructive notice. The description is somewhat indefinite, but, even if it were insufficient, the undisputed facts show that the appellee had a landlord's lien on the mules. According to his testimony, he sold the mules to his tenants to enable them to make a crop on the rented premises during the year 1926. It is true, he took additional security for the debt, but that fact did not, as a matter of law, operate as a waiver of the landlord's lien conferred by statute.

The judgment is affirmed.